```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

**UNITED STATES OF AMERICA**      :    Cr. No. 06-207-RWR
                                  :
       v.                        :    Status Hearing:  8/1/2006
                                  :
**KEVIN M. MILLER,**               :
      **Defendant**              :

Government's Consolidated Motion To Permit Impeachment of
Defendant With Evidence of Prior Convictions, and Motion and
Notice of Intent to Introduce Evidence of Other Crimes and
<u>Bad Acts Pursuant to Rule 404(b) of the Federal Rules of Evidence</u>

The United States of America, by and through the United States Attorney for the District of Columbia, hereby moves the Court to permit impeachment of the defendant with evidence of two of his prior convictions if he chooses to testify at trial in the above matter, and provides notice of its intent and moves to introduce evidence of other crimes pursuant to rule 404(b) of the Federal Rules of Evidence.

<u>Background</u>

Defendant Kevin M. Miller has been charged by indictment with one count of being a felon in possession of a firearm and ammunition, on or about June 20, 2006, in violation of 18 U.S.C. § 922(g)(1).  He has pled not guilty.

The charge is based on the following events.  On June 20, 2006, at about 6:46 p.m., MPD officers in the area of the 300 block of Fiftieth Street, N.E., were in the process of stopping two persons suspected of heroin distribution, when they noticed the defendant standing beside one of the suspects.  Immediately

after making eye contact with the officers, the defendant started running away in the opposite direction.  As he ran, the defendant was holding one hand against the right side of his waistband.  As the officers followed the defendant, they observed him remove a handgun from his waistband and toss it against the wall of a nearby apartment building.  The officers later recovered the gun, which was determined to be a loaded Bryco Arms 9mm semi-automatic pistol.

Defendant Miller has prior convictions for attempted possession with intent to distribute a controlled substance, in violation of D.C. Code §§ 48-904.01, in 1995, and for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), in 1999.  In addition, he was arrested in June of 2003 for yet another violation of § 922(g), although the case was later dismissed.[1]  The government intends to offer evidence of the prior convictions to impeach the defendant if he takes the stand, and to offer evidence of the § 922(g) conviction and the underlying criminal conduct, as well as the underlying criminal

---

[1] There are two docket numbers associated with the 2003 case, which arose in D.C.:  1:03-mj-343, and 1:03-cr-321.  The case was initially dismissed by the court before indictment, was then re-brought as a GJO by the government.  In 2004, the court granted the government's motion to dismiss the indictment.

conduct from the defendant's 2003 arrest, as other crimes evidence in its case in chief.[2]

<u>Admissibility of 1999 Convictions for Impeachment Purposes</u>

Pursuant to rule 609 of the Federal Rules of Evidence, subject to certain time limits, evidence that an accused has been convicted of a crime punishable by death or imprisonment in excess of one year is admissible, for the purpose of attacking the credibility of the accused as a witness, "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."  Fed. R. Evid. 609(a)(1).  The time limitations generally require that, to be admissible for use as impeachment, the conviction, or the release of the accused-witness from confinement imposed for the conviction, have been imposed or taken place within 10 years of the date the accused is testifying.  Fed. R. Evid. 609(b).

The prior § 922(g) conviction, imposed in 1999, easily meets the timing requirement.  The prior attempted PWID conviction, although initially imposed in 1995, required the defendant immediately to serve a three year prison sentence, thus bringing that conviction within the 10-year window as well.  In addition,

---

[2] Barring a stipulation, of course, the government will offer evidence of the same prior convictions, in the form of certified records of the judgments, in its case in chief in order to establish the necessary element that the defendant is a convicted felon.  Both 1999 convictions are alleged as predicate offenses in the indictment in this case.

both offenses, of course, are punishable by more than a year in prison.  See 18 U.S.C. § 924(a)(2); D.C. Code § 48-904.01 (2001 ed.)

As for probative value and prejudicial effect, the Court of Appeals, in United States v. Jackson, 201 U.S. App. D.C. 212, 627 F.2d 1198 (1980), set out a non-exhaustive list of factors that a district court should consider when determining the admissibility of a prior conviction for impeachment of a criminal defendant: the nature of the crime, the time of the conviction, the similarity of the past crime to the charged crime, the importance of the defendant's testimony, and the degree to which the defendant's credibility is central to the case.  Id. at 223, 627 F.2d at 1209.

In this case, on balance, these factors weigh in favor of admissibility under rule 609 for both convictions, as the government demonstrates in the discussion below.  But there is an additional reason, not mentioned in Jackson, as to why permitting the government to impeach the defendant with the prior convictions is not unduly prejudicial.  Specifically, the government will already have offered proof in its case in chief that the defendant has been convicted of two prior offenses each carrying a penalty of more than one year in prison, in order to prove up a necessary element of a § 922(g) violation.  See United

States v. Lattner, 385 F.3d 947, 960-61 (6th Cir. 2004), cert. denied, 543 U.S. 1095 (2005).

### The Prior Felon-in-Possession Conviction

With respect to the prior § 922(g) conviction, the government concedes that a § 922(g) violation is not an offense associated with dishonesty, and that application of the first Jackson factor therefore cuts against admission under the rule. United States v. Causey, 9 F.3d 1341, 1344 (7th Cir. 1993); see also United States v. Slade, 200 U.S. App. D.C. 240, 255, 627 F.2d 293, 308 (addressing use for impeachment purposes of defendant's prior misdemeanor conviction for carrying a pistol without a license), cert. denied, 449 U.S. 1034 (1980).

As to the timing factor, court records indicate that while the defendant was sentenced in the prior § 922(g) case in 1999, the defendant was re-incarcerated in 2003, a year after serving a 35-month prison term, in connection with alleged violations of his conditions of supervised release, and although released again in 2004, was then ordered to spend 180 days in a U.S. Parole Commission Sanction Center. Analogizing to the principle that under the general 10-year time limit imposed by rule 609, post-sentencing re-incarceration can serve to re-start the 10-year clock, see United States v. McLintlock, 748 F.2d 1278, 1287-88 (9th Cir. 1984), cert. denied, 474 U.S. 822 (1985), defendant

Miller's § 922(g) conviction is of fairly recent vintage.[3]
Accordingly, the second Jackson factor cuts in favor of admission
of the conviction under rule 609.

The government recognizes that the third Jackson factor, the
similarity of the prior crime of conviction to the charged crime,
cuts against rule 609 admissibility because the prior conviction
is for precisely the same charge. See Jackson, 201 U.S. App.
D.C. at 224, 627 F.2d at 1210. However, as the Court of Appeals
has pointed out, such an overlap is not a per se bar to admission
of the prior conviction under rule 609. United States v. Lewis,
200 U.S. App. D.C. 76, 86-87, 626 F.2d 940, 950-51 (1980); see
also Causey, 9 F.3d at 1344 (upholding conviction on weapons
charges where defendant was impeached during trial with prior §
922(g) conviction).

The last two Jackson factors, the importance of the
defendant's testimony and the degree to which his credibility

---

[3] McLintlock held that the basis for re-incarceration must have some substantive connection to the original conviction for the 10-year clock to re-start. 748 F.2d at 1288. At least one other court that examined the issue saw no need to impose such a limit. See United States v. Brewer, 451 F. Supp. 50, 52-53 (E.D. Tenn. 1978). In any event, it appears that defendant Miller's re-incarceration while on supervised release for the 1999 § 922(g) conviction was due in part at least to his June 2003 arrest for again violating § 922(g). Also, in other circuits, this second Jackson factor dealing with timing is described as "the point in time of the conviction and the witness's subsequent history." United States v. Givens, 767 F.2d 574, 579 n.2 (9th Cir.) (internal quotation marks omitted), cert. denied, 474 U.S. 953 (1985); United States v. Mahone, 537 F.2d 922, 929 (7th Cir.), cert. denied, 429 U.S. 1025 (1976).

will be central to the case, weigh heavily in favor of admitting the prior § 922(g) conviction for use as impeachment. The government expects to call multiple police officer witnesses to testify they saw the defendant holding and then tossing away the recovered handgun. It is highly likely that to oppose this testimony, the defendant will have to take the stand and deny that the gun was ever in his hands, making the case turn on the credibility of the officers vis-a-vis the defendant.

In sum, with three of the five Jackson factors weighing in favor of admission, coupled with the fact that the jury will necessarily have heard some evidence that the defendant was previously convicted of two prior felonies, the Court should permit the government to impeach the defendant with his prior § 922(g) conviction, pursuant to rule 609.

### The Prior Attempted PWID Conviction

As indicated above, application of the Jackson factors to the defendant's prior felony drug conviction also favors admission of the conviction for impeachment purposes. First, felony drug convictions are the type of offenses generally viewed as admissible for impeachment purposes under rule 609(b). United States v. Brito, 427 F.2d 53, 64 (1st Cir. 2005), cert. denied, 126 S. Ct. 2983 (2006); United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir.), cert. denied, 516 U.S. 878 (1995).

The second Jackson factor, the timing of the conviction, slightly favors admission because, although originally imposed in 1995, defendant Miller did not finish out his sentence for the drug conviction until fairly recently. He was originally sentenced in the drug case, in 1995, to a three-year prison sentence followed by a period of probation. His probation for that offense was revoked in 1999, and he was re-sentenced to one to three years in prison, to run consecutive to any other sentence--including the 35-month prison sentence for his § 922(g) conviction. As a result, defendant Miller was still serving out his sentence for the 1995 drug conviction as late as 2002.[4]

The third Jackson factor weighs in favor of admission as well. Because the prior conviction was for a drug offense, and the defendant is facing trial for a firearms offense, there is a relatively low risk that the jury will improperly conclude the defendant is guilty merely because he was convicted in the past for a narcotics violation. See Jackson, 201 U.S. App. D.C. at 224, 627 F.2d at 1210.

---

[4] The defendant's probation in his felony drug case appears to have been revoked due to his 1999 conviction under § 922(g). To the extent the court believes it should be guided by the case law requiring that post-sentencing re-incarceration must be for a reason connected to the original conviction for rule 609's general 10-year clock to restart, see supra note 3, the government submits that a conviction for a weapons offense does bear a connection to a drug offense. See, e.g., United States v. Brown, 357 U.S. App. D.C. 339, 349, 334 F.3d 1161, 1171 (2003), cert. denied, 541 U.S. 954 (2004).

Finally, as explained above, this case is likely to come down to whether the jury believes the testimony of police officers that they saw the defendant holding a gun and then tossing it away, or the defendant's denials.  Accordingly, the fourth and fifth Jackson factors--the importance of the defendant's testimony and the degree to which his credibility is central--also weigh in favor of admitting the prior drug conviction for impeachment purposes.

Accordingly, with all five Jackson factors weighing in favor of admissibility, coupled with the fact that the jury will necessarily have heard some evidence that the defendant was previously convicted of two prior felonies, the Court should permit the government to impeach the defendant with evidence of this prior conviction.

Admissibility of Prior § 922(g) Conviction, Underlying Conduct, and 2003 Arrest Under Rule 404(b) of the Federal Rules of Evidence

Rule 404(b) of the Federal Rules of Evidence provides in pertinent part:

> **(b) Other Crimes, Wrongs, or Acts.**-- Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b). In this case, the government intends to offer evidence of the defendant's conduct on December 1, 1998, conduct for which he was ultimately convicted in 1999 under 18 U.S.C. § 922(g), and his conduct on June 25, 2003, when he was arrested for violating the same statute, in order to show that his possession of a firearm on June 20, 2006, was knowing and was neither a mistake nor an accident.

The Court of Appeals has held that rule 404(b) is "one of inclusion," not exclusion, and that it excludes "only evidence that is offered for the sole purpose of proving that a person's actions conformed to his or her character." United States v. Linares, 361 U.S. App. D.C. 318, 323, 367 F.3d 941, 946 (2004) (internal quotation marks omitted). Determining the admissibility of prior crimes or bad acts is a two-step process. First, the Court determines whether the other crime or act is relevant and, if so, whether it is relevant to something other than the defendant's character or propensity. United States v. Bowie, 344 U.S. App. D.C. 34, 41, 232 F.3d 923, 930 (2000). If the Court finds the evidence to be properly relevant, it then goes on to determine whether the evidence should nonetheless be excluded under other rules of evidence, such as rule 403. Id.

In United States v. Garner, 364 U.S. App. D.C. 408, 396 F.3d 438 (2005), the Court of Appeals considered the admissibility under rule 404(b) of a prior act of firearm possession by a

defendant charged with violating § 922(g). In Garner, MPD officers had made a traffic stop of a suspected stolen car and found one Robert D. Garner sitting in the front passenger seat. Id. at 409, 396 F.3d at 439. The officers ordered the driver and Garner to raise their hands, but Garner did not comply. Id. As one of the officers attempted to open Garner's door, the officer saw Garner remove a handgun from his waistband and place it on the floor. Id. Shortly thereafter, the officers opened the car door and took Garner into custody. Id. They subsequently recovered a 9 millimeter semi-automatic handgun from underneath the vehicle's front passenger seat. Id. Three latent fingerprints were recovered from the gun, only one of which was readable. Id. at 409-10, 364 U.S. App. D.C. at 439-440. The readable print matched the known prints of the driver. Id.

During the trial in Garner the government offered evidence that approximately three years earlier, a U.S. Park Police officer had stopped a car in D.C. in which Garner was the front-seat passenger, and the officer had subsequently recovered an ammunition clip from Garner's jacket pocket and a loaded semi-automatic handgun fitting the clip under the front passenger seat. Id. at 410, 396 F.3d at 440. The government also showed that Garner had been convicted of carrying a pistol without a license, in violation of D.C. law, based on the stop by the USPP officer. Id.

Following his conviction under § 922(g), Garner appealed, arguing that his prior CPWL conviction and evidence of the prior stop by a USPP officer should not have been admitted. Id. at 409, 396 F.3d at 439. Garner relied heavily on the appellate court's decision in Linares, where the court had held that, under the circumstances of that case, evidence of a prior act of gun possession was inadmissible in a § 922(g) prosecution, see Linares, 361 U.S. App. D.C. at 320-25, 367 F.3d at 943-48. The Garner court, however, with reasoning applicable in this case, distinguished Linares and affirmed. Garner, 364 U.S. App. D.C. at 409, 412-14, 396 F.3d at 439, 442-44.

In Linares, the Garner court explained, the government's evidence "forced the jury to a disjunctive choice between actual possession or no possession at all." Garner, 364 U.S. App. D.C. at 412, 306 F.3d at 442. In Linares the government's evidence was that shots had been fired from a moving car, which was then chased by two MPD officers in separate cruisers. 361 U.S. App. D.C. at 20-21, 367 F.3d at 943-44. The chase ended when the car crashed, and as the officers approached the wreck, they saw the defendant throw a gun over a nearby fence. Id. at 21, 367 F.3d at 944. The Linares court held that under those facts there was no issue of constructive possession, and therefore evidence of a prior incident where an officer had observed the defendant drop a

loaded handgun onto the ground was inadmissible.  Id. at 322-25, 367 F.3d at 945-48.

The Garner court held that in Garner's case, by contrast, the issue of constructive possession was squarely before the jury because the jury could have discredited the testimony of the sole officer who stated he saw the defendant sitting in the car and briefly holding a gun in his hand.  See Garner, 364 U.S. App. D.C. at 412-13, 396 F.3d at 442-43 (noting that the officer testified that he was looking through a tinted car window and that the car was filled with smoke).  If that evidence was discredited, the jury would be left with the "undisputed testimony that the gun was found under Garner's seat when the car was searched," which the court termed "a paradigmatic constructive possession scenario." Id. at 413, 396 F.3d at 443.  In such a case, evidence of his prior act of firearms possession was admissible to show that Garner knowingly exercised dominion and control over the gun found under his seat.  Id.

In this case, the government intends to offer evidence of both actual and constructive possession.  The evidence of actual possession will be the testimony of several officers who saw the defendant remove a gun from his waistband and throw it to the ground.  The evidence of constructive possession will be that a gun was recovered in an enclosed area where the defendant's flight ended.

In particular, the gun was found on the ground, outside the rear of an apartment building, in an area enclosed on three sides. In this area, the concrete wall and one of the building walls run parallel, about five feet apart, for about 15 feet, and then join with another wall of the building. Together the three walls create a rectangular area on the ground roughly five feet across and 15 feet long. The rectangle is open on one end, the end in which the defendant ran into, and blocked on the other end. The gun was found near the opening of this "cut," lying on the ground between a one-foot high utility box and the apartment building wall that serves as one of the longer sides of the rectangle. When he was stopped, the defendant was trying to climb over the six-foot high concrete wall that forms the other longer side.

The government concedes that the primary focus of its case will be to prove that defendant Miller had actual possession of the firearm. However, it will also offer testimony from the officer who actually recovered the gun, <u>which officer did not see the defendant throw it to the ground.</u> Thus, like in <u>Garner</u>, both the issue of constructive possession and actual possession will be before the jury, thus making defendant Miller's prior acts of firearm possession admissible. <u>See</u> <u>id.</u> at 413-14, 396 F.3d at 443-44 (acknowledging but dismissing as unimportant the fact that

the government "largely" prosecuted the case under a theory of actual possession).

As for rule 403,[5] that rule tilts in favor of admission in close cases, even when rule 404(b) evidence is involved, and the balance should be struck in favor of admission "when the evidence indicates a close relationship to the event charged." United States v. Cassell, 352 U.S. App. D.C. 84, 91, 292 F.3d 788, 795 (2002) (internal quotation marks omitted).  In this case, as indicated above, there is a close relationship given the fact that the prior 404(b) evidence involves possession of a firearm by a convicted felon, the sole charge in the current indictment. In addition, when the purpose of disputed evidence is to show state of mind, as in this case, probative value is high.  See id. at 92, 292 F.3d at 796.

## Conclusion

Evidence of the defendant's prior felony convictions for attempted distribution of a controlled substance, in 1995, and possession of a firearm by a convicted felon, in 1999, should be admitted as impeachment evidence if the defendant testifies.  In addition, the felon-in-possession conviction and the conduct

---

[5] Rule 403 states:  "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of unde dely, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

15

underlying it, as well as the defendant's conduct associated with his 2003 arrest again for being a felon in possession, are admissible under rule 404(b) to show knowledge and absence of mistake or accident.  Proposed Orders are attached.

                Respectfully submitted,

                KENNETH L. WAINSTEIN
                United States Attorney

by:  _____
     Michael C. Liebman
     Assistant United States Attorney
     D.C. Bar No. 479562
     555 Fourth Street, N.W., room 4231
     Washington, D.C.  20530
     353-2385
     michael.liebman@usdoj.gov