IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA )
                                    )          Cr. No. 06-207 (RWR)
       v.                    )
                                    )
KEVIN MILLER             )
_____)

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO GOVERNMENT'S MOTION
SEEKING ADMISSION OF RULE 404(B) EVIDENCE**

Defendant, Kevin Miller, through undersigned counsel, respectfully submits this memorandum in opposition to the government's motion seeking admission of Rule 404(b) evidence.

**STATEMENT OF FACTS**[1]

On June 20, 2006, at approximately 6:46 p.m, members of the Narcotics and Special Investigations Division were conducting "buy-bust" operations in the 300 block of 50th Street, NW. An undercover officer responded to the location and purchased crack cocaine and heroin from two subjects in front of 313 50th Street, NW. Officers broadcast lookouts for those subjects.

When the arrest team arrived at the location in question, Mr. Miller–who was standing close to one of the two subjects–allegedly fled on foot. Mr. Miller allegedly ran toward the rear of 313 50th Street and proceeded down a hill. Mr. Miller allegedly held his right waistband while he was running. Eventually, Mr. Miller ran to the rear of 225 51st Street and up a hill. At some

---

[1] This statement of facts is a summary based on the P.D. 163 police report and other information provided by the government to Mr. Miller during discovery. By including in this motion the facts as alleged by government, Mr. Miller does not in any way concede that these facts are accurate or true.

point, Mr. Miller allegedly removed a handgun from his waistband and tossed it against an apartment building. After tossing the gun, Mr. Miller allegedly tried to climb a wall but was apprehended by police officers. It was determined that Mr. Miller was not involved in the undercover drug transaction.

**ARGUMENT**

I.  The Proffered Evidence Is Inadmissible Evidence of Other Crimes under Federal Rule of Evidence 404(b).

In order for evidence of a prior bad act to be admissible, it must be both reliable and probative of a material issue other than character. See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988); see also Fed. R. Evid. 404(b); United States v. Gaviria, 116 F.3d 1498, 1532 (D.C. Cir. 1997) (citing United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994)). To be probative of a material issue, a prior bad act must speak to an essential element of the charged offense or furnish part of the context for the alleged crime. See Rawle, 845 F.2d at 1247 n.4. The government bears the burden of demonstrating the relevance of the "prior bad acts" it seeks to have admitted. See United States v. Hudson, 843 F.2d 1062, 1066 (7th Cir. 1988); cert. denied 496 U.S. 939, 110 S. Ct. 3221; United States v. Hogue, 827 F.2d 660, 662 (10th Cir. 1987). The evidence at issue here is not admissible pursuant to Rule 404(b), because it is both unreliable and irrelevant to any material issue other than propensity.

The evidence proposed in this case is not necessary to prove any relevant material issue. The government maintains that it seeks to do nothing more in this case than to prove that Mr. Miller's possession of a firearm on June 20, 2006 was "knowing and was neither a mistake or accident." The government seeks admission of the alleged prior firearm possessions to prove

that Mr. Miller acted intentionally and did not mistakenly or accidentally possess the firearm seized on June 20, 2006. Because the only issue before the jury will be whether Mr. Miller possessed the firearm at all, the government's proffered reasons for introducing other crimes evidence are not probative of any material issue. At bottom, it appears that the government's only purpose for introducing evidence of prior firearm possessions is to show that Mr. Miller has the propensity to possess a firearm. This is the very purpose for which such evidence may not be admitted. See, e.g., Huddleston v. United States, 485 U.S. 681 (l988)(holding other crimes evidence is not admissible to show bad character and action in conformity therewith); United States v. Rhodes, 886 F.2d 375 (D.C. Cir. l989); United States v. Hernandez, 780 F.2d 113 (D.C. Cir. l986); United States v. Foskey, 636 F.2d 517 (l980); United States v. Shelton, 628 F.2d 54 (l980). Were Mr. Miller to open the door to such evidence–by testifying, for instance, that he knows nothing about guns or how to obtain them–the government might be able to introduce evidence concerning an alleged prior possession. Unless the defense opens such doors, however, evidence surrounding Mr. Miller's alleged prior possession is simply irrelevant.

II.     The Court Should Exclude the Evidence Pursuant to Federal Rule of Evidence 403 Because the Evidence Is More Prejudicial than Probative.

Even if reliable and probative of a material issue, evidence of "prior bad acts" is nevertheless inadmissible if the probative value of the evidence is substantially outweighed by its likely prejudicial impact. Fed. R. Evid. 403; Gaviria, 116 F.3d at 1532 (citing Clarke, 24 F.3d at 264). Because of the potential for prejudice, "evidence indicating the accused's commission of an offense not on trial . . . is generally to be excluded." United States v. Anderson, 509 F.2d 312, 328 (D.C. Cir. 1974) (quoting Robinson v. United States, 459 F.2d 847, 856 (D.C. Cir. 1972)).

The weak probative value of the alleged prior bad acts stands in sharp contrast to the severe prejudicial impact that introduction of the evidence would have on the jury in this case. Even with a limiting instruction, jurors would have a difficult time resisting the natural human impulse to make the impermissible inference that someone who has previously broken the law or possessed a gun is more likely to break the law or possess a gun on a subsequent occasion – the very inference that Fed. R. Evid. 404(b) was intended to prevent.

## CONCLUSION

For the reasons set forth above, and for any other reasons that the Court may deem just and proper, Mr. Miller requests the Court to deny the government's request to introduce evidence of the alleged prior handgun possessions.

Respectfully submitted,
A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____

LARA G. QUINT
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500