IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. 06-207 (RWR) |
| v. | ) | |
| | ) | |
| KEVIN MILLER | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO PERMIT IMPEACHMENT WITH PRIOR CONVICTIONS**

Defendant, Kevin Miller, through undersigned counsel, respectfully submits this memorandum in opposition to the government's motion seeking to permit impeachment with evidence of two prior convictions.

**STATEMENT OF FACTS**[1]

On June 20, 2006, at approximately 6:46 p.m, members of the Narcotics and Special Investigations Division were conducting "buy-bust" operations in the 300 block of 50th Street, NW. An undercover officer responded to the location and purchased crack cocaine and heroin from two subjects in front of 313 50th Street, NW. Officers broadcast lookouts for those subjects. When the arrest team arrived at the location in question, Mr. Miller–who was standing close to one of the two subjects–allegedly fled on foot. Mr. Miller allegedly ran toward the rear of 313 50th Street and proceeded down a hill. Mr. Miller allegedly held his right waistband while he was running. Eventually, Mr. Miller ran to the rear of 225 51st Street and up a hill. At some point, Mr.

---

[1] This statement of facts is a summary based on the P.D. 163 police report and other information provided by the government to Mr. Miller during discovery. By including in this motion the facts as alleged by government , Mr. Miller does not in any way concede that these facts are accurate or true.

Miller allegedly removed a handgun from his waistband and tossed it against an apartment building. After tossing the gun, Mr. Miller allegedly tried to climb a wall but was apprehended by police officers. It was determined that Mr. Miller was not involved in the undercover drug transaction.

**ARGUMENT**

Although Fed. R. Evid. 609(a)(1) permits the use of prior felony convictions, such convictions may be used to impeach a defendant only if the probative value of the conviction outweighs the prejudicial effect to the accused. Notably, Rule 609, unlike Fed. R. Evid. 403, does not require that the prejudicial effect substantially outweigh the probative value of the evidence but, rather, that the probative value of the conviction outweigh the prejudicial effect.

In this case, the government has failed to show that there are specific circumstances demonstrating that the probative value of the proffered offenses outweighs the inevitable prejudicial impact. See United States v. Lipscomb, 702 F.2d 1049, 1063 ("When the defendant is impeached by a prior conviction, the question of prejudice, as Congress well knew, is not if, but how much."). The government presents no facts or reasons suggesting that these convictions are particularly probative of truthfulness in this case. All felonies have some probative value as to credibility, see Lipscomb, 702 F.2d at 1063 n.54, but this proposition is simply a starting point.

With respect to the both the possession with intent to distribute and the possession of a firearm convictions, the government has set forth no specific facts whatsoever indicating that the convictions are particularly probative in the present case. Whatever probative value the defendant's prior convictions might have stems only from the generic inference that commission

of a felony – any felony – demonstrates a conscious disregard for the law. Id. at 1071. The generic inference that an individual who has committed a felony offense is more likely to break the law is weak at best; the specific inference that such an individual will break the law by consciously disregarding his oath to tell the truth is even more attenuated.

Informing the jurors of the nature of the prior convictions would significantly prejudice Mr. Miller because there is a significant risk that the jury may infer from the fact of prior convictions that Mr. Miller committed the offense at issue in this case. That prejudice outweighs any probative value that disclosing the nature of the convictions would provide.

CONCLUSION

For the foregoing reasons, Mr. Miller respectfully asks this Honorable Court to exclude the use of the evidence of the prior convictions proffered by the government.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____



LARA G. QUINT
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

Case 1:06-cr-00207-RWR    Document 11    Filed 08/02/2006    Page 4 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) <br> ) <br> **v.** ) <br> ) <br> **CLIFTON CLEVELAND** ) <br> _____ ) | **Cr. No. 04-0089 (RMU)** |

**ORDER**

Upon consideration of the Defendant's Motion to Exclude Prior Convictions, it is by the Court hereby

**ORDERED** that the Defendant's motion is GRANTED and that evidence of his prior convictions will be excluded from evidence at trial.

**SO ORDERED**, this _____ day of _____, 2004.

_____
RICARDO M. URBINA
UNITED STATES DISTRICT JUDGE

Copies to:

Lara Quint, AFPD

Tricia Francis, AUSA

_____