**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   No. 1:06-CR-207-RWR |
| | ) |
| KEVIN M. MILLER, | ) |
|   also known as Kelvin Miller, | ) |
| | ) |
| Defendant. | ) |

**JOINT SUBMISSION OF TRIAL MATERIALS, AND WITNESS AND EXHIBIT LISTS**

The United States of America, by and through the United States Attorney for the District of Columbia, and Kevin M. Miller, also known as Kelvin Miller, by and through his counsel, Lara G. Quint, Esquire, and pursuant to the Court's Pretrial Order of October 19, 2006, jointly submit the following agreed upon trial materials, and respective witness and exhibit lists.

TRIAL MATERIALS

Jury Voir Dire Questions

1. The United States alleges that on June 20, 2006, at approximately 6:46 p.m., in the area of 225 Fifty-first Street, N.E., Washington, D.C., defendant Kevin M. Miller, [also known as Kelvin Miller], unlawfully possessed a Bryco semi-automatic 9 mm pistol, along with 9 mm ammunition, which firearm and ammunition had moved in interstate commerce, after he had been convicted of a crime punishable by more than a year in prison. Does any member of the jury panel believe that he or she knows anything about this case?

2. Does any member of the panel live or work near that location or have anything more than a mere general familiarity with the location?

3. Does anyone know the defendant, Kevin M. Miller, [also known as Kelvin Miller]?

4. The United States is represented by Assistant United States Attorney Michael Liebman.  Does any member of the panel know Mr. Liebman?

5. The defendant is represented by Lara Quint.  Does any member of the panel know Ms. Quint?

6. During the government's case, you may hear testimony from or about the following individuals:  James M. Boteler, Jr., Clarence R. Brooks, Alvin S. Cardinal, Franklin D. Crews, Charles Foltz, Dennis M. Gheen, Trina Johnson, Dino R. McFadden, Barbara A. Robinson, Carole H. Turner, James Tyler, and Kevin Webster, all of whom are Metropolitan Police Department officers; Laketa Bailey, an employee of the Metropolitan Police Department; Joshua Green, a Special Agent for the Bureau of Alcohol, Tobacco, Firearms and Explosives; and Willie Joe Hunter.  Does any member of the panel believe they know any of these individuals?

7. The defendant has no obligation to call any witnesses. He may, however, call some or all of the following witnesses: [At this juncture, the defense is not in a position to provide a

witness list.]  Do any of you know any of these potential witnesses?

8. A number of the government's witnesses are police or law enforcement officers.  Would any of you tend to give either more or less weight to a police or law enforcement officer, simply because he or she is a law enforcement officer?

9. Have any of you, any members of your immediate family, or any close friends, had an experience with the police, or with any person associated with or employed by the United States Attorney's Office or the Court, which would make it difficult for you to be a fair and impartial juror in this case?

10. Have you or any of your immediate family members or close friends ever work for, in any capacity, or have an application pending with, any type of law enforcement agency, including the Metropolitan Police Department, the Federal Bureau of Investigation, the Drug Enforcement Administration, the U.S. Secret Service, the U.S. Park Police, the Immigration and Naturalization Service, the Bureau of Immigration and Customs Enforcement?

11. Have you or any of your immediate family members or any close friends ever worked for, in any capacity, or have an application for employment pending with, a prosecutor's office? This can include the U.S. Department of Justice, the U.S. Attorney's Office, the Office of the Corporation Counsel, the

District of Columbia Attorney General's Office, or any state or county attorney's office.

12. Have any of you or any of your immediate family members or close friends, been employed in or with a prison, a jail, a department of corrections, a probation office, or a parole agency?

13. Do any of you now belong to or participate in, or have any of you within the past five years belonged to or participated in, any crime prevention group, such as neighborhood watch organizations or orange hat groups?

14. Has any member of the jury panel, or any of you r immediate family members or close friends, studied law or had any legal training?  This would include law school, paralegal training and any post-graduate legal training.

15. Have you or any of your immediate family or any close friends ever worked for or with, in any capacity, a defense attorney, an investigator working for a defense attorney, or for any entity that has brought an action against the United States or any federal agency?

16. Have you or any of your immediate family or any close friends ever been involved in any way in the defense of a criminal case?

17. Has any member of the jury panel ever served as a grand juror?

18. Anyone who is selected to serve on this jury must take an oath to follow the law as instructed by this Court. Is there anyone who for any reason would not be able to accept and follow the Court's instructions regarding the law?

19. To reach a verdict, every juror must agree on the verdict. That is, any verdict must be unanimous. Would any of you have difficulty with this principle?

20. The defendant has been charged in an indictment returned by a grand jury. An indictment is just a formal way of informing the defendant of the nature of the charge against him. Do any of you feel that because the defendant has been indicted he is probably guilty?

21. The indictment indicates that the defendant has previously been convicted of an offense punishable by imprisonment for a term exceeding one year. Would the fact that the indictment states that make you believe the defendant is guilty in this case?

22. The defendant is presumed innocent unless and until the government proves his guilt beyond a reasonable doubt. He does not need to testify, call any witnesses, or produce any evidence to prove his innocence. If selected as a juror in this case, would any of you have difficulty applying these rules of law?

23. Have you or any of your immediate family members or close friends, been a witness to, a victim of, or arrested or charged with a crime within the last 10 years?

24. Is there any member of the jury panel who has any moral, religious or philosophical beliefs that would make it difficult to pass judgment on another person or render a verdict in this case based solely on the evidence presented during the trial?

25. Is any member of the panel physically or visually challenged?

26. This trial will last approximately 4 days.  Is there any member of the jury panel who has an urgent or extremely important matter to attend to in the next few days, such that he or she would be faced with a hardship if selected for the jury in this case?

27. Do any of you know of any other reason why you could not or should not sit as a juror in this case, or why you could not render a fair and impartial verdict based upon the evidence and the law as you shall hear it?

28. This case involves allegations of possession of a firearm and ammunition.  Would the nature of the charge make it difficult for any of you to sit fairly and impartially as a juror?

29. Do any of your have such strong feelings about guns or the prosecution of gun offenses that it would be difficult for

6

you to sit fairly and impartially as a juror?  This includes a belief that it should be legal to possess guns in the District of Columbia, a belief that either too much or too little effort is spent on the investigation and prosecution of gun offense, or a belief that the penalties assigned to such offenses are too severe or too lenient?

*    *    *    *    *

The parties agree on the above set of jury voir dire questions, except that the defendant objects to the bracketed portion in questions 1 and 3.

Jury Instructions

Initial Instructions

1. Before we begin the trial proper, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations.  These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you.  It is my practice to allow jurors to take notes during the trial if they want to, and to have their notes with them during the jury's

7

deliberations.  I want to emphasize that none of you is required
to take notes.  Indeed, you should not do so if you think that
notetaking will distract your attention from the evidence or the
testimony of the witnesses.  On the other hand, if you think that
taking notes might help you remember the testimony of the
witnesses and the other evidence in the case, or might make you
pay more attention during the trial, you are free to take notes.
You should remember that your notes are only an aid to help your
memory.  They are not evidence in the case, and they should not
replace your own memory of the evidence.  Those jurors who do not
take notes should rely on their own memory of the evidence and
should not be influenced by another juror's notes.

Whenever there is a recess in the trial, you should leave
your notebooks and pencils on your seats.  No one, including
myself, will ever look at any of your notes.  At the end of the
trial, when you come back to the courtroom to deliver your
verdict, your notes will be destroyed.  Again, neither I nor
anyone else will look at any notes you have taken.

You have probably noticed that there are fourteen of you
sitting in the jury box.  Only twelve of you will retire to
deliberate in this matter.  In some courtrooms, jurors in seats
13 and 14 are automatically the alternates, but that is not how
it works in this courtroom.  Instead, we randomly select the
alternates' seats at the beginning of each trial from among all

the jury seats so that any two seats--1 and 8, 10 and 5, 2 and 13, or any other combination--might turn out to be the seats of the alternates.

I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations.  Therefore, it is important that all of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

At the beginning of the jury selection process, you were introduced by name to some potential witnesses.  If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone referred to in the testimony or evidence, or anyone else connected with this case in any way, you should tell the court immediately.  You should not tell any other member of the jury about your discovery. If you realize you are acquainted with someone connected with this case while a witness is testifying, you should raise your hand immediately and ask to speak privately to the marshal or with me at the bench.

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case.  This is a criminal case which began when the grand jury returned an indictment.  The is not evidence.  The indictment is just a formal way of charging a person with a crime

9

in order to bring him to trial.  You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offense with which he has been charged.

Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt.  The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial.  The law does not require a defendant to prove his innocence or to produce any evidence.  If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him/her guilty.  On the other hand, if you find that the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

As I explain how the trial will proceed, I will refer to the "government" and to the "defendant."  When I mention the "government," I am referring to the person who is presenting the

evidence in support of the charges contained in the indictment. In this case, it is the Assistant United States Attorney Mr. Liebman.  When I mention the defendant, I am referring either to the defendant, Kevin Miller, [also known as Kelvin Miller,] or to his attorney, Ms. Quint.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. If the government makes an opening statement it must do so at the beginning of its case.  The defendant may make an opening statement immediately after the government's opening statement, or may wait until the beginning of the defendant's case.  The defendant does not have to make any opening statement.  The opening statements are only intended to help you understand the evidence that the lawyers expect will be introduced.  The opening statements are not evidence.

After the opening statement or statements, the government will introduce evidence to support the charge in the indictment. After the government presents its evidence, the defendant may present evidence, but he is not required to do so.  The law does not require the defendant to prove his innocence or to produce any evidence.

At the end of all of the evidence, each side will have an opportunity to make a closing argument in support of its case. The lawyers' closing arguments, just like their opening

statements, are not evidence in this case.  They are only
intended to help you understand the evidence.

At the end of all the evidence, I will instruct you once
more on the rules of law that you are to apply in your
deliberations when you retire to consider your verdict in this
case.  Then each party will have a chance to present oral
arguments in support of its case.  The statements of the lawyers
in their closing arguments, just as in their questions and in
their opening statements, are not evidence in this case.  They
are intended only to help you understand the evidence and what
each party claims the evidence shows.  Finally, at the end of the
closing arguments, I will have a few additional instructions for
you before you begin your deliberations.

I want to briefly describe my responsibilities as the judge
and your responsibilities as the jury.  My responsibility is to
conduct this trial in an orderly, fair and efficient manner, to
rule on legal questions that come up in the course of the trial,
and to instruct you about the law which applies to this case.  It
is your sworn duty as jurors to accept and apply the law as I
state it to you.

Your responsibility as jurors is to determine the facts in
the case.  You--and only you--are the judges of the facts. You
alone determine the weight, the effect, and the value of the
evidence, as well as the credibility or believability of the

12

witnesses.  You must consider and weigh the testimony of all witnesses who appear before you.  You alone must decide whether to believe any witness, and to what extent to believe any witness.

And remember, you must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations.  You will have to rely entirely on your memory and your notes if you choose to take any.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law.  You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts.  If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it.  The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case.  That evidence includes the sworn testimony of witnesses and exhibits.  If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember

13

differently, you should rely on your memory of the evidence during your deliberations.

The lawyers in the case may object when the other side asks a question, makes an argument, or offers evidence which that lawyer believes is not properly admissible. You must not be prejudiced against the lawyer who makes the objection or the party s/he represents. Indeed, it is the lawyer's responsibility to object to evidence that he or she believes is not properly admissible. Additionally, under no circumstances should any of you use the internet for any purpose related to the case. Do not use it to access any potential media coverage, to research any legal or factual issues, or for any other purpose.

If I sustain an objection to a question asked by a lawyer, you should forget the question because the question is not evidence. You must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must forget that both the question and the answer that were stricken. You should follow this same rule if any of the exhibits are stricken.

You must not be influenced by the nature of the charge in arriving at your verdict. Your responsibility is to decide this case solely on the evidence presented in the courtroom. As a

14

result, you must not conduct any independent investigation of your own of the case--like going to visit the scene.

In addition, you should disregard any statements made about the case by anyone outside the courtroom. You must not talk about the case with the lawyers, the defendant, witnesses, or anyone else connected with the case. If you see someone involved in this case outside the courtroom, other than a fellow juror, you should not speak with that person about anything. If, at any time during the trial, anyone tries to discuss the case with you or if you hear anyone talking about the case, you should refuse to participate in or listen to the discussion. If you speak with someone involved in the case outside the courtroom while the trial is still going on, we may have to stop the trial, pick a new jury and start all over again. You must also completely disregard any press coverage, including newspaper, television, or radio reports that you may read, see, or hear. If you are exposed to any news reports inadvertently, you should immediately disregard them and direct your attention elsewhere.

If you have heard any statements about the case, if anyone has tried to discuss the case with you or if you have been exposed to press coverage about the case, you must tell me about it immediately by informing the marshal or the courtroom clerk. You should not tell any of your fellow jurors or anyone else. You should tell only me, the marshal, or the clerk.

15

You must not discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. Until the case is submitted to you, you must not talk about it with your fellow jurors.  You must not talk about the case to your friends or relatives, or even your husband or wife, until it is over and you have completed your deliberations.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions. See Criminal Jury Instructions for the District of Columbia (4th rev. ed; B.E. Bergman, ed., updated to December 2005) (hereinafter, the "Red Book"), Instr. Nos. 1.02A, 1.20, 1.21, 1.22.

2. Sometimes a lawyer's question suggests that something is a fact.  Whether or not something is a fact depends on the witness' answer--not the lawyer's question.  A lawyer's question is not evidence.  See id., Instr. No. 1.07.

*    *    *    *    *

The parties agree on the above set of initial jury instructions, except that the defendant objects to including the bracketed portion in the last sentence of the first paragraph on page 12, supra ("[also known as Kelvin Miller]").

Final Instructions

1. My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law which applies in this case.

It is your duty to accept the law as I state it to you.  You should consider all the instructions as a whole.  You may not ignore any instruction, or question the wisdom of any rule of law.  Id., Instr. No. 2.01.

2. Your function, as the jury, is to determine what the facts are in this case.  You are the sole judges of the facts.  You alone decide what weight to give to the evidence presented during the trial.  You decide the value of the evidence and the believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism.  You should not be improperly influenced by anyone's race, ethnic origin, or gender.  Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case.  If you believe that I have expressed or indicated any opinion as to the facts, you should ignore it.  It is your sole and exclusive duty to decide the verdict in this case.  Id., Instr. No. 2.02.

3. If any reference by the court or the attorneys to evidence does not coincide with your own recollection of the

17

evidence, it is your recollection which should control during your deliberations.  Id., Instr. No. 2.03.

4. During your deliberations, you may consider only the evidence properly admitted in this trial.  The evidence in this case was the sworn testimony of the witnesses, the exhibits which were admitted into evidence, and the facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated--that is, agreed to--certain facts.  Any stipulation of fact is undisputed evidence, and you may consider it undisputed evidence.

During the trial, you were told that the parties had stipulated--that is, agreed to -- what testimony a particular witness would have given if she had testified in this case. You may consider this stipulated testimony as exactly what this witness would have said had he testified.

When you consider the evidence, you are permitted to draw, from the facts which you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.  See id., Instr. No. 2.04.

5. During the trial, I permitted those jurors who wanted to do so to take notes.  You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to

be an aid to your memory.  They are not evidence in the case, and they should not replace your own memory of the evidence.  Those jurors who have not taken notes should rely on their own memory of the evidence.  The notes are intended to be for the notetaker's own personal use.

At the end of your deliberations, please tear out from your notebooks any notes you have made and give them to your foreperson.  The clerk will collect your notebooks and pencils when you return to the courtroom, and I will ask the foreperson to give the clerk your notes when your verdict is announced.  The clerk will give the notes to me and I will destroy your notes immediately after the trial.  No one, including myself, will look at them.  Id., Instr. No. 1.02B.

6. The statements and arguments of the lawyers are not evidence.  They are only intended to assist you in understanding the evidence.  Id., Instr. No. 2.05.

7. The indictment is merely the formal way of accusing a person of a crime to bring him to trial.  You must not consider the indictment as evidence of any kind.  You may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.  Id., Instr. No. 2.06.

8. Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the

defendant throughout the trial unless and until s/he is proven guilty beyond a reasonable doubt.

The burden is on the government to prove the defendant guilty beyond a reasonable doubt. This burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him guilty. On the other hand, if you find the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty. Id., Instr. No. 2.07.

9. There are two types of evidence from which you may find the facts of a case--direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness' testimony is direct evidence. A chain of facts and circumstances indicating the guilt or innocence of a defendant is circumstantial evidence.

The law makes no distinction between the weight you should give to either kind of evidence, nor does circumstantial evidence require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should weigh all of the

evidence presented, both direct and circumstantial.  <u>See id.</u>,
Instr. No. 2.10.

10. In determining whether the government has established
the charge against the defendant beyond a reasonable doubt, you
must consider and weigh the testimony of all the witnesses who
have appeared before you.

You are the sole judge of the credibility of the witnesses.
In other words, you alone are to determine whether to believe any
witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any
witness, you may consider any matter that may have a bearing on
the subject.  You may consider the demeanor and the behavior of
the witness on the witness stand; the witness's manner of
testifying; whether the witness impresses you as a truthful
person; whether the witness impresses you as having an accurate
memory and recollection; whether the witness has any motive for
not telling the truth; whether the witness had a full opportunity
to observe the matters about which he or she has testified;
whether the witness has any interest in the outcome of this case,
or friendship or hostility toward other people concerned with
this case.

Inconsistencies or discrepancies in the testimony of a
witness, or between the testimony of different witnesses, may or
may not cause you to discredit such testimony.  Two or more

21

persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience.  In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate.  You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him- or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.  Id., Instr. No. 2.11.

11. One of the questions you were asked when we were selecting this jury was whether the nature of the charge would affect your ability to render a fair and impartial verdict. There

was a reason for that question. You must not allow the nature of
the charge itself to affect your verdict. You must consider only
the evidence that has been presented in this case in rendering a
fair and impartial verdict. Id., Instr. No. 2.14.

12. A person who flees or hides after a crime has been
committed or after he has been accused of a crime may be
motivated by a variety of factors which are fully consistent with
innocence. Flight or concealment does not create a presumption
of guilt, nor does it necessarily reflect that the person has
feelings of guilt. In addition, because innocent persons
sometimes feel guilty, such feelings do not necessarily reflect
actual guilt. On the other hand, you may consider flight or
concealment as a circumstance tending to show feelings of guilt,
and you may also consider feelings of guilt as evidence tending
to show actual guilt, but you are not required to do so.
However, under no circumstances may you presume that a defendant
is guilty merely because he fled or concealed himself.

If you find evidence of flight or concealment, you should
consider and weigh such evidence along with all the other
evidence in the case, and give it the weight that you think it
deserves. Id., Instr. No. 2.44.

13. You have heard evidence that the defendant possessed a
handgun and ammunition on two occasions prior to June 20, 2006,

once in 1998 and once in 2003.  It is up to you to decide whether to accept that evidence.

Before you consider that evidence, however, you must first decide, without considering at all the evidence about those prior occasions, whether the government has proved beyond a reasonable doubt that the defendant committed the acts constituting the charged offense.  If, and only if, you find that the government has proved beyond a reasonable doubt, from other evidence in the case, that the defendant committed the acts constituting the charged offense, you may then go on to consider the evidence that the defendant possessed a firearm and ammunition in 1998 and 2003.

If you consider the evidence that the defendant possessed a firearm and ammunition on those prior occasions, you may use that evidence only to help you decide whether the government has proved beyond a reasonable doubt that the defendant constructively possessed a firearm and ammunition on June 20, 2006.

You may not consider this evidence for any other purpose. The defendant is not charged with any offense relating to the incidents in 1998 and 2003, and you may not consider this evidence to conclude that the defendant has a bad character, or that the defendant has a criminal personality.  The law does not allow you to convict a defendant simply because you believe he

may have done bad things not specifically charged as crimes in this case.  Specifically, you may not consider this evidence in deciding whether the government has proved that the defendant committed the acts constituting the charged offense, and you may not conclude from this evidence that because the defendant may have possessed a firearm and ammunition in 1998 and 2003 that he also committed the acts charged in the indictment.

You may consider the evidence only for the limited purpose of showing whether the defendant constructively possessed a firearm and ammunition on June 20, 2006.  See id., Instr. No. 2.51(B).

14. Someone's knowledge ordinarily cannot be proved directly, because there is no way of directly looking into the workings of the human mind.  But you may infer the defendant's knowledge from the surrounding circumstances.  You may consider any statement made, or acts done by the defendant, and all other facts and circumstances received in evidence which indicate the defendant's knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts knowingly done.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.  You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond

a reasonable doubt that the defendant acted with the necessary state of mind.  Id., Instr. No. 3.02.

15. There are two kinds of possession: actual and constructive.  A person has actual possession of something if he has direct physical control over it.  He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or through another person.

Possession may be shared with one or more other people.

Mere presence near something or mere knowledge of its location is not enough to show possession.  To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the firearm or ammunition, alone or with someone else.  Id., Instr. No. 3.08.

16. The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

(1) That the defendant knowingly possessed a firearm or ammunition;

(2) That the firearm had been shipped or transported from one state to another; and

(3) That, at the time the defendant possessed the firearm or ammunition, the defendant had been convicted of a crime punishable by more than a year in prison.

The term firearm includes any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive, or the frame or receiver of any such weapon.

You are instructed as a matter of law that (a) unlawful possession of a firearm and ammunition by one convicted of a crime punishable by more than a year in prison, is itself punishable by more than a year in prison, and (b) attempted possession with intent to distribute heroin is also punishable by more than a year in prison.

An act is done knowingly if the defendant was conscious and aware of his act, realized what he was doing, and did not act because of mistake, inadvertence, or accident.

It is necessary that the firearm which the defendant allegedly possessed have traveled or been transported in interstate or foreign commerce. Property is in interstate commerce if its movement originates in one state and passes through another state. The District of Columbia is considered a state for this purpose. The interstate character of transport

begins when the property is set aside for interstate transportation and comes into the possession of those who are assisting its movement in interstate transportation, and continues until the property arrives at its destination and is delivered.

The government may meet its burden of proving a connection between interstate commerce and possession of a firearm by a person convicted of an offense punishable by more than a year in prison, if it is demonstrated that the firearm or ammunition previously traveled in interstate commerce.  It is not necessary that the government prove that the defendant purchased the gun in some state other than that where he was found with it or that he carried it across a state line, nor must the government prove who purchased the gun.  It is necessary only that the government prove that the defendant, having previously been convicted of an offense punishable by more than a year in prison, knowingly possessed a firearm that, at some time, had previously traveled in interstate commerce.  See id., Instr. No. 4.79.

17. The burden is on the government to prove beyond a reasonable doubt, not only that the offense was committed as alleged in the indictment, but also that the defendant was the person who committed it.

In considering whether the government has proved beyond a reasonable doubt that the defendant is the person who committed the offense, you may consider any one or more of the following:

(1) The witness's opportunity to observe the criminal acts and the person committing them, including the length of the encounter, the distance between the various parties, the lighting conditions at the time, the witness's state of mind at the time of the offense, and any other circumstances that you deem relevant affecting the witness's opportunity to observe the person committing the offense;

(2) Any subsequent identification, failure to identify or misidentification by the witnesses, the certainty or lack of certainty expressed by the witnesses, the state of mind of the witnesses at the time, the length of time that elapsed between the crime and any subsequent identification, and any other circumstances that you deem relevant bearing on the reliability of the witness's identification; and

(3) Any other direct or circumstantial evidence that may identify the person who committed the offense charged or either support or not support the identification by the witnesses.

You must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant and that the

29

defendant is the person who committed the offense before you may
convict him.  If the circumstances of the identification of the
defendant are not convincing beyond a reasonable doubt, you must
find the defendant not guilty.  Id., Instr. No. 5.06.

18. During the course of this trial, a number of exhibits
have been received in evidence, including statements and portions
of statements of witnesses or other persons.  Sometimes only
those parts of a document relevant to your deliberations were
received in evidence.  Where this has occurred, I have required
the irrelevant parts of the statement to be blacked out or
deleted.  Only the relevant parts have been received in evidence
and will be made available to you.  Thus, as you examine the
exhibits, and you see or hear a statement where there appears to
be omissions, you should consider only the relevant portions that
have been received in evidence.  You should not guess or
speculate about anything that has been taken out.  Id., Instr.
2.70.

19. When you return to the jury room, you should select a
foreperson to preside over your deliberations and to be your
spokesperson here in court.  There are no specific rules
regarding how you should select a foreperson.  That is up to you.
However, as you go about the task, be mindful of your mission--to

reach a fair and just verdict based on the evidence. Consider whether you wish to select a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence. Id., Instr. No. 2.71.

20. The verdict must represent the considered judgment of each juror. In order to return a verdict, each juror must agree to it. Your verdict must be unanimous. Id., Instr. No. 2.72.

21. I am sending into the jury room with you the exhibits that have been received in evidence, except for the firearm and ammunition. You may examine any or all of those exhibits as you consider your verdict.

If you wish to examine the firearm and ammunition, the marshal will bring them to you and remain in the room while each of you has the opportunity to examine this evidence. You should not discuss the evidence or otherwise deliberate while the marshal is present. See id., Instr. No. 2.73.

22. The question of possible punishment of the defendant in the event of conviction is no concern of yours and should not enter into or influence your deliberations in any way. The duty

31

of imposing sentence in the event of conviction rests exclusively

with me.  Your verdict should be based solely on the evidence in

this case, and you should not consider the matter of punishment

at all.  Id., Instr. No. 2.74.

23. If it becomes necessary during your deliberations to

communicate with me, you may send a note by the clerk or marshal,

signed by your foreperson or by one or more members of the jury.

No member of the jury should try to communicate with me by any

means other than a signed note and I will never communicate with

any member of the jury on any matter touching the merits of this

case, except in writing or orally here in open court.

Bear in mind also that you are never, under any

circumstances, to reveal to any person--not the clerk, the

marshal or me--how jurors are voting until you have reached a

unanimous verdict.  This means that you should never tell me, in

writing or in open court, how the jury is divided on any matter.

This means, for example, that you should never tell me that the

jury is divided 6 to 6, for example, or 7 to 5, or 11 to 1,

whether the vote is for conviction or acquittal or any other

issue in the case.  Id., Instr. No. 2.75.

24. I will provide you with a copy of my instructions.

During your deliberations, you may, if you want, refer to these

instructions.  While you may refer to any particular portion of
the instructions, you are to consider the instructions as a whole
and you may not follow some and ignore others.  The fact that you
have been provided a copy of my instructions should not
discourage you from making an inquiry regarding the meaning of
these instructions if necessary.  Please return the instructions
to me when your verdict is rendered.  Id., Instr. No. 2.76.

25. The weight of the evidence is not necessarily determined
by the number of witnesses testifying for each side.  Rather, you
should consider all the facts and circumstances in evidence to
determine which of the witnesses you believe.  You may find that
the testimony of a smaller number of witnesses on one side is
more believable than the testimony of a greater number of
witnesses on the other side, or you may find to the contrary.
Id., Instr. No. 2.13.

[Every defendant in a criminal case has an absolute right
not to testify.  Mr. Miller has chosen to exercise his right to
remain silent.  You must not hold this decision against him, and
it would be improper for you to speculate as to the reason or
reasons for his decision, and I, therefore, instruct you not to
do so.  Most importantly, you must not draw any inference of

33

guilt from the defendant's decision not to testify.  Id., Instr.
No. 2.27.

[The defendant has a right to become a witness in his own
behalf.  His testimony should not be disbelieved merely because
he is the defendant.  In weighing his testimony, however, you may
consider the fact that the defendant has [a vital] [an] interest
in the outcome of this trial.  As with the testimony of any other
witness, you should give the defendant's testimony such weight as
in your judgment it is fairly entitled to receive.  Id., Instr.
No. 2.28.]

                    *    *    *    *    *

The parties agree on the above final jury instructions,
except that the government understands that Instruction No. 2.27,
and not Instruction No. 2.28, will be given if the defendant does
not testify at trial; and Instruction No. 2.28 will be given, and
not Instruction No. 2.27, if he does testify.  In addition, if
Instruction No. 2.28 is given, the government seeks to include
the words "a vital" at the location indicated in brackets above,
in lieu of the word "an."  If Instruction No. 2.28 is given, the
defendant seeks to use the word "an" and not the words "a vital."

<u>Verdict Form</u>

As to the charged offense of possession of a firearm and ammunition by a person convicted of an offense punishable by more than a year in prison, we the jury unanimously find the defendant, Kevin Miller, [also known as Kelvin Miller] (mark only one),

_____    Not Guilty.

_____    Guilty.

\*    \*    \*    \*    \*

The parties agree on the above phrasing and format for the verdict form, except that the defendant objects to the bracketed portion.

Government's Exhibit List

| No. | Description | Witness | Obj'n | Adm. |
|-----|-------------|---------|-------|------|
| 1 | Photomap | | | |
| 2 | Photograph of scene | | | |
| 3 | Photograph of scene | | | |
| 4 | Photograph of scene | | | |
| 5 | Photograph of scene | | | |
| 6 | Photograph of scene | | | |
| 7 | Photograph of scene | | | |
| 8 | Photograph of scene | | | |
| 9 | Photograph of scene | | | |
| 10 | Photograph of scene | | | |
| 11 | Photograph of scene | | | |
| 12 | Photograph of scene | | | |
| 13 | Photograph of scene | | | |
| 14 | Photograph of scene | | | |
| 15 | Photograph of scene | | | |
| 16 | Photograph of scene | | | |
| 17 | Photograph of scene | | | |
| 18 | Photograph of seized evidence | | | |
| 19 | Photograph of defendant | | | |
| 20 | red bandana | | | |
| 21 | black mask | | | |
| 22 | handgun, with magazine | | | |
| 23 | seven (7) rounds of firearm ammunition | | | |

36

| 24 | judgment of conviction in 98-cr-442 | | | |
|----|-------------------------------------|--|--|--|
| 25 | judgment of conviction in F-1365-95 | | | |
| 26 | Rule 11 proffer of facts from 98-cr-442 | | | |
| 27 | Transcript of guilty plea proceedings from 98-cr-442 | | | |
| 28 | stipulation | | | |
| 29 | stipulation | | | |
| 101 | Statement of Facts in Support of Complaint, and PD 163 (Officer McFadden) | | | |
| 102 | transcript of grand jury testimony of Dino McFadden | | | |
| 103 | transcript of court testimony of Dino McFadden on September 12, 2006 | | | |
| 201 | PD 81 and PD 95, regarding bandana and mask (Officer Johnson) | | | |
| 301 | PD 81, regarding firearm and ammunition; PD 791 (testfire certificate); and PD 698A (Request for Laboratory Examination) (Officer Cardinal) | | | |
| 401 | Undercover Officer's Report; PD 81 and PD 95, regarding drugs (Officer Brooks) | | | |
| 402 | Transcript of court testimony of Clarence Brooks on September 12, 2006 | | | |
| 501 | [paperwork by Officer Robinson from arrest of defendant on June 25, 2003] | | | |

| | | | | |
|---|---|---|---|---|
| 502 | Transcript of court testimony of Officer Robinson on July 9, 2003 | | | |
| 601 | PD 251 (Officer Crews) | | | |
| | | | | |

<u>Defendant's Exhibit List</u>

    At this juncture the defense is not in a position to provide an exhibit list.

<u>Government's Witness List</u>

James M. Boteler, Jr., Clarence R. Brooks, Alvin S. Cardinal,
Franklin D. Crews, Dino R. McFadden, Charles Foltz, Dennis M.
Gheen, Joshua Green, Trina Johnson, Carole H. Turner, and James
Tyler

<u>Defendant's Witness List</u>

At this juncture, the defense is not in a position to
provide a witness list.

Respectfully submitted,

JEFFREY A. TAYLOR                    A.J. KRAMER
UNITED STATES ATTORNEY               FEDERAL PUBLIC DEFENDER


           /s/                                /s/
by: _____         _____
    Michael C. Liebman                Lara G. Quint, Esquire
    Assistant U.S. Attorney           Assistant FPD
    D.C. Bar No. 479562               625 Indiana Avenue, N.W.
    555 Fourth Street, N.W.           Suite 550
    room 4231                         Washington, D.C.  20004
    Washington, D.C.  20530           (202) 208-7500
    (202) 353-2385                    lara_quint@fd.org
    michael.liebman@usdoj.gov