UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | No. 1:06-CR-207-RWR |
| ) | |
| **KEVIN M. MILLER,** ) | |
| **also known as Kelvin Miller,** ) | |
| ) | |
| Defendant. ) | |

Government's Separate Submission of Trial Materials

The United States of America, by and through the United States Attorney for the District of Columbia, and pursuant to the Court's order of October 19, 2006, hereby submits separate trial materials, specifically, the government's proposed final jury instructions which remain in dispute.  In addition, the government advises that the proposed voir dire questions, submitted as part of the joint submission of the parties, should have included the name "Jeffrey Bruce" among the list of Metropolitan Police Department officers set forth in question number 6, and that the names Jeffrey Bruce and Barbara A. Robinson should have been included in the government's witness list.  Counsel for the defendant has advised that the defendant does not oppose such a change to voir dire question number 6.

Government's Additional Proposed Final Jury Instructions

1. The government has the burden of proving the defendant guilty beyond a reasonable doubt.  Some of you may have served as jurors in civil cases where you were told that it was only necessary to prove that a fact is more likely true than not true.

We call that the preponderance of the evidence.  In criminal cases, the government's proof must be more powerful than that; it must be beyond a reasonable doubt.  Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are very vew things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  If based on your consideration of the evidence you're firmly convinced the defendant is guilty of the crime charged, it is your duty to find him guilty.  If on the other hand you think there is a real possibility that the defendant is not guilty, you must give him the benefit of a doubt and find him not guilty. See United States v. Taylor, 302 U.S. App. D.C. 349, 354, 997 F.2d 1551, 1556 (1993).

   2. Evidence has been introduced that the defendant made certain statements.  You should weigh that evidence with caution and carefully consider all the circumstances surrounding the making of the statements.  Do this in deciding whether the defendant made the statements and what weight to give them, along with all the other evidence, when deciding the guilt or innocence of the defendant.

   If you decide that the defendant did make a statement, in examining the circumstances surrounding the statement, you may consider whether the defendant made it freely and voluntarily

with an understanding of what he was saying.  You may consider whether he made it without fear, threats, coercion, or force, either physical or psychological, and without promise of reward.  For example, you may consider where and when the statement was given; who was present; and the physical and mental condition of the defendant.  You may consider the age, disposition, education, experience, character, and intelligence of the defendant.  Considering all the circumstances, you should give his statements such weight as you think they deserve.  See Criminal Jury Instructions for the District of Columbia, Instr. No. 2.48 (4th rev. ed. 2005; B.A. Bergman, ed.).

    3. Evidence has been presented that the police did not attempt to lift fingerprints from the physical evidence that was recovered in this case.  Under the laws of the District of Columbia, the police are under no affirmative duty to attempt to lift fingerprints in a case where someone is being arrested only for a violation of law concerning the possession of firearms or ammunition.  See Brown v. United States, 881 A.2d 586, 592-95 (D.C. 2005).

```
              Respectfully submitted,

              JEFFREY A. TAYLOR
              UNITED STATES ATTORNEY


       by:    _____
              Michael C. Liebman
              Assistant United States Attorney
              D.C. Bar No. 479562
              555 Fourth Street, N.W., room 4231
              Washington, D.C.  20530
              353-2385
              michael.liebman@usdoj.gov
```