IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                             )
UNITED STATES OF AMERICA     )
                             )      Cr. No. 06-207 (RWR)
        v.                   )
                             )
KEVIN MILLER                 )
_____)
```

**DEFENDANT KEVIN MILLER'S MOTION TO STRIKE SURPLUSAGE FROM INDICTMENT**

Pursuant to Fed. R. Crim. P. 7(d), defendant Kevin Miller, through undersigned counsel, respectfully requests that the Court issue an order striking mention of D.C. Superior Court case F1365-95 from the body of the indictment. The phrase is unduly prejudicial and completely unnecessary to the charge for which Mr. Miller was indicted . Such surplusage serves no legitimate purpose in this case.

**BACKGROUND**

Mr. Miller is charged in a one-count indictment with unlawful possession of a firearm by an individual convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1). The offense of 18 U.S.C. § 922(g)(1) requires, as one element, that, at the time of the offense, the defendant have sustained a prior conviction for a crime punishable by a period of incarceration exceeding one year.

The indictment in the above-captioned case makes mention of *two* prior convictions for crimes punishable by such a period of incarceration: a 1998 District Court conviction in case no. 98-

442-01 and a 1995 Superior Court conviction in case no. F1365-95. Only one prior conviction being necessary for the government to meet its burden with respect to the relevant element, mention of more than one conviction is mere surplusage. As the Court has already ruled that evidence of the District Court conviction is admissible at trial against Mr. Miller pursuant to Federal Rule of Evidence 404(b), Mr. Miller maintains that mention of the Superior Court conviction in the indictment is unduly prejudicial.

## **ARGUMENT**

Rule 7(d) of the Federal Rules of Criminal Procedure states that "[t]he court on motion of the defendant may strike surplusage from the indictment or information." "The purpose of Rule 7(d) is to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment . . . or not essential to the charge . . . or unnecessary . . . or inflammatory." United States v. Poore, 594 F.2d 39, 41 (4th Cir. 1979) (citations omitted). "Material that can fairly be described as 'surplus' may only be stricken [from an indictment] if it is irrelevant and prejudicial." United States v. Clark, 184 F.3d 858, 860 (D.C. Cir. 1999) (quoting United States v. Oakar, 111 F.3d 146, 157 (D.C. Cir. 1997)).

Here, there is no legitimate purpose for including the additional conviction in the indictment. Section 922(g)(1) of Title 18 makes it a federal offense for an individual to possess a firearm if that individual "has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." Including an additional conviction in the indictment is neither necessary nor helpful to the government in meeting its burden when it comes to the prior conviction element of the offense. In view of the irrelevant and unfairly prejudicial nature of this portion of the indictment, this

Court should strike the above-mentioned language.

## CONCLUSION

For the foregoing reasons, as well as for any other the Court may deem fair and reasonable, Mr. Miller asls this Court to strike the above-quoted surplusage from the indictment.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Lara Gabrielle Quint
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500