IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) No. 1:06-cr-207-RWR |
| v. | ) |
| | ) |
| **KEVIN M. MILLER** | ) |

<u>Government's Memorandum in Opposition to Defendant's Motion to Reconsider Bond</u>

The United States of America, by and through the United States Attorney for the District of Columbia, hereby opposes defendant Kevin M. Miller's motion to reconsider bond.

<u>Background</u>

On January 10, 2007, following a jury trial, defendant Miller was found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Arrested on June 20, 2006, the defendant had been on personal recognizance since his initial appearance on that date. Following return of the guilty verdict, the government moved for the defendant's detention pending sentencing. The Court denied the government's motion but ordered the defendant to report the next day to the Pretrial Services Agency for orientation into the heightened supervision program. The defendant failed to report as required, and on January 18, 2007, this Court issued a warrant for the defendant's arrest.

On June 16, 2007, at approximately 7:15 p.m., the defendant was arrested when a Metropolitan Police Department officer found him in the 5100 block of Nannie Helen Burroughs Avenue, N.E.,

Washington, D.C.  On June 18, 2007, the defendant appeared before Magistrate Judge John M. Facciola for the warrant return.  During that proceeding, the court granted the government's motion, without apparent objection from the defense, that the defendant be detained pending sentencing.

At a status hearing before this Court on July 5, 2007, sentencing was set for September 21, 2007.  During the hearing, the government advised the Court that the government was requesting that the defendant be held pending sentencing.  The Court responded that that issue had already been addressed by the Magistrate Judge.  No request was made by the defendant for a review of that decision.

The defendant has now filed a motion to reconsider bond, arguing that he notified PSA on January 11, 2007, that he would not be able to make the appointment, that he has been "gainfully employed" since the trial, and that "[o]n June 18th, . . . [he] turned himself in to the arresting officers."

The motion should be denied.

<u>Argument</u>

Pursuant to 18 U.S.C. § 3143, a defendant who has been found guilty and is awaiting imposition of sentence, other than a defendant for whom the applicable sentencing guideline does not recommend a term of imprisonment, must "be detained[] unless the judicial officer finds by clear and convincing evidence that the

person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1).[1] The government has calculated that the defendant faces an advisory guideline range of imprisonment that is at the statutory maximum of 10 years set forth at 18 U.S.C. § 924(a)(2).[2]

The government has consulted with PSA regarding this case. The defendant did indeed call PSA on January 11, 2007, to advise them he would not make the appointment because he had to accompany his girlfriend and one of their children to the hospital. A PSA officer told the defendant he would nevertheless have to report as required by the Court's order. The defendant did not report as required.

On January 16, 2007, PSA called the phone number for the defendant that was on the Court's release order of January 10, 2007. A young woman answered the phone and advised the PSA officer that the defendant was not there and that she had not

---

[1] If a defendant has been found guilty of certain offenses, the statute all but mandates detention pending sentencing. See 18 U.S.C. § 3143(a)(2). That provision does not apply here.

[2] That is based on the fact that the defendant has a prior conviction for a felony drug offense, that he possessed the firearm in connection with a felony drug offense, that the firearm at issue had an obliterated serial number, and that he obstructed justice by failing to report for PSA supervision. See U.S.S.G. §§ 2K2.1(a)(3)(B), (b)(4)(B), (b)(6); 3C1.1 (Nov. 1, 2006).

seen him for several days.  Following that phone call, PSA requested the Court to issue an arrest warrant.

Moreover, following issuance of the warrant, a USAO investigator went to an Office Movers location in Maryland, identified on January 10 by the defendant to the Court as his place of employment.  After several inquiries at two different Office Movers locations in Maryland, the USAO investigator determined the defendant had only worked for Officer Movers for a two-week period sometime in the fall of 2006.

Finally, contrary to the defendant's argument in his motion, when he was arrested on January 16th (not the 18th), he was initially approached by a uniformed MPD officer.  He did not turn himself in.  When the officer inquired if he was Kevin Miller, the defendant stated he was "Kendric Miller," the brother of Kevin Miller.  The officer was skeptical, and detained the defendant.  The defendant continued to claim he was Kendric Miller up until he was conclusively identified as the defendant through his fingerprints.

## Conclusion

The defendant has failed to establish by clear and convincing evidence that he is not likely to flee and is not a danger to others.  His motion should be denied.

```
                Respectfully submitted,

                JEFFREY A. TAYLOR


                        /s/
        by:     _____
                Michael C. Liebman
                Assistant U.S. Attorney
                D.C. Bar No. 479562
                555 Fourth Street, N.W., room 9826
                Washington, D.C.  20530
                305-1396
                michael.liebman@usdoj.gov
```